STATE *v.* CHARLES COMER.

May Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion field November 6, 1929.

*Lee E. Emerson* for the respondent.

*Raymond L. Miles,* State's attorney, for the State.

WATSON, C. J.   Respondent's motion to set aside the verdicts having been granted as to case No. 7815, his exceptions are for consideration only so far as they relate to case No. 7821. The information in the latter case charges that on the twentieth day of October, 1928, the respondent did take wild animals, to wit, two foxes, without first procuring a license so to do.

.No claim was made in behalf of respondent, and the evidence did not tend to show, that the fox, for the taking of

which on the day named, respondent was being prosecuted in case No. 7821, was taken in protecting property from damage.

The evidence tended to show that the fox, for the killing of which the respondent was prosecuted in case No. 7815, was shot by him in the hen house on said farm land, for the protection of hens therein, on the twenty-first day of October. The fox, the taking of which is alleged in case No. 7821, the evidence tended to show was chased by a dog owned by the respondent's younger brother, twenty-one years old and a cotenant living on said farm, into a rail pile on said farm land and being so in the rail pile, was there killed by the respondent on the twenty-second day of October, using the butt end of his gun as a club for that purpose. Respondent then had no license and none was issued to him until the evening of the twenty-fourth day of October, two days after the taking of that fox. But G. L. 6337, as amended by No. 111 of the Acts of 1927, provides that a person shall not take wild animals or wild birds, or use a gun for taking the same or for taking pickerel, and a person, fifteen years of age or over shall not take by angling, "without first having procured a license therefor as hereinafter provided; provided, however, that the owners of farm lands, their resident minor children and tenants, may, on such lands, without a license, take fish by angling from the waters therein, shoot pickerel and take wild animals or wild birds thereon, subject to the provisions of this title."

The provisions of this title relative to foxes, to which the taking is subject, as stated in section 6337, as amended by the above act of 1927, are found in G. L. 6427 as amended by No. 121, of the Acts of 1927.

Thus amended, section 6427 provides, among other things, that a person who takes or possesses fox between February 15 and October 25 shall be fined twenty-five dollars for each offense; provided, however, the fur or skin of fur-bearing animals legally taken may be possessed at any time; and provided further that fox (among other animals named) may be taken with dog and gun from October 15 to February 15. That section of the statute then proceeds: "The provisions of this section shall not apply to an owner or caretaker of property protecting the same from damage by fur-bearing animals except that such an owner or caretaker who desires to possess during the closed season the skins of any fur-bearing animals taken

in the defense of property shall,'' within the time specified after taking such animal notify the fish and game commissioner or a representative of the fish and game department, etc.

Clearly by the undisputed evidence the fox in the rail pile was taken by respondent with dog and gun, within what, by statute, was the open season for the taking of that class of fur-bearing animals in such manner—from October 15 to February 15—and the fox being legally taken, its fur or skin could lawfully be possessed at any time.

The record, therefore, shows no evidence to go to the jury on the question of respondent's guilt, and his motion at the close of the evidence that the informations be dismissed should have been granted and case No. 7821 dismissed.

It is unnecessary to consider other questions presented in the case.

*Judgment and sentence set aside, and case No. 7821 dismissed.*